IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

GARY DEAN BOONE,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Criminal No: 4:97-cr-00733-SAL
Civil Action No.: 4:20-cv-03092-SAL

**OPINION AND ORDER**

This matter is before the Court on Petitioner's motion to vacate under 28 U.S.C. § 2255. [ECF No. 317]. The Respondent filed a motion to dismiss or, in the alternative, to deny the motion and grant summary judgment in favor of Respondent. [ECF No. 332]. Petitioner's motion is ripe for ruling. For the reasons set forth below, the Court GRANTS the Respondent's motion for summary judgment, ECF No. 332, and DENIES the Petitioner's motion to vacate, ECF No. 317.

**BACKGROUND**

On November 5, 1997, a federal grand jury returned a two-count indictment charging Boone with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 1) and destroying a vehicle by means of explosive, resulting in the death of an individual in violation of 18 U.S.C. § 844(i) (Count 2). [ECF No. 15]. Prior to trial, the district court granted Boone's motion to sever Counts 1 and 2 and ordered separate trials on each count. Following separate trials on each count, Boone was convicted of both counts. [ECF Nos. 28, 80]. Defendant was sentenced on August 13, 1998, to 120 months' imprisonment on Count 1 and life imprisonment on Count 2, to be served concurrently. [ECF No. 85]. Defendant filed an appeal, arguing that the district court

1

erred in failing to appoint a second lawyer to represent him in his trial on Count 2 and erred in denying his motion to suppress a rifle seized from his home and used in his trial under Count 1. *See United States v. Boone*, 245 F.3d 352, 354-55 (4th Cir. 2001). The Fourth Circuit affirmed the conviction on Count 1 but remanded for reconsideration of the sentence. *Id* at 358. The court vacated the conviction on Count 2 because the district court failed to appoint a second lawyer where defendant was indicted under a statute that carried a maximum sentence of death. *Id*. at 364. After a second trial on Count 2, Boone was again convicted.

The United States Probation Office prepared a Presentence Investigation Report ("PSR"), which outlined Boone's charge, offense conduct, criminal convictions, and Guidelines pursuant to the United States Sentencing Guidelines (U.S.S.G.). The PSR provided that Boone devised a pipe bomb and placed it underneath the driver's seat of the victim's vehicle, and that when the victim drove past a transmitter concealed on a tree in the "on" position, the bomb was set off. PSR, ¶ 6. The victim died as a result of the explosion. PSR, ¶ 11. The PSR also indicated that Boone had made statements in the community that he would kill the victim. PSR, ¶ 6. The PSR also assessed an adjustment of two levels for Obstruction of Justice based on Boone's statements about his plans to kill the Assistant U.S. Attorney, the United States District Judge who presided over his first trial, and "all the federal prosecutors" he could kill. PSR, ¶ 12.

The PSR provided for a based offense level of 43 based on a cross reference in U.S.S.G. § 2K1.4(c)(1) to § 2A1.1 for first degree murder. PSR, ¶ 22. With the two-level adjustment for obstruction of justice, Boone's total offense level was 45, which resulted in a Guidelines range of life imprisonment. PSR, ¶¶ 31, 60. The court imposed the same sentence previously imposed as to each count. [ECF No. 286]. Defendant again appealed, arguing that the district court erred in admitting evidence of his "swinger" lifestyle and admitting statements made by the murder victim.

*United States v. Boone*, 71 F. App'x 227, 228 (4th Cir. 2003). The Fourth Circuit affirmed Boone's conviction and sentence. *Boone*, 71 F. App'x at 229. While the Court granted Boone's motion to file a pro se supplemental brief, the Court found the issues raised to be without merit. *Id*. The United States Supreme Court denied Boone's petition for writ of certiorari on March 22, 2004. *Boone v. United States*, 541 U.S. 953 (2004).

On May 27, 2003, Boone filed a motion pursuant to § 2255, asserting that he was factually and legally innocent of Count 1, that he received ineffective assistance of counsel, and that he was subject to district court error or bias. *Boone v. United States*, No. 4:03-cv-01816-JFA (D.S.C.), [ECF No. 1]. The district court dismissed the petition with prejudice, finding his claims without merit. *Boone*, No. 4:03-cv-01816-JFA, [ECF No. 30]. Boone appealed, and the Fourth Circuit dismissed the appeal. *Boone*, No. 4:03-cv-01816-JFA, ECF No. 35.

On March 21, 2005, Boone filed another motion pursuant to § 2255. *Boone v. United States*, No. 4:05-cv-00869-JFA (D.S.C.), [ECF No. 1]. The district court denied the motion. *Id.* at [ECF No. 16].

On August 27, 2020, Boone filed the current motion pursuant to § 2255. [ECF No. 317]. This Court issued a proper form order, and Boone filed the proper form for motions under § 2255 on September 15, 2020. [ECF No. 325].

### LEGAL STANDARD

Summary judgment is appropriate where the pleadings, discovery, and disclosure materials show "that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). At the summary judgment stage, the Court must view the evidence in a light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Where

resolution of a material issue of fact depends upon a credibility determination, disposition by summary judgment is not appropriate. *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979).

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States; or that the court was without jurisdiction to impose such sentence; or that the sentence was in excess of the maximum authorized by law; or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* at § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. *Id.* (providing that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief); Rule 4(b), Rules Governing Section 2255 Proceedings.

A petitioner cannot ordinarily bring a collateral attack based on issues litigated on direct appeal. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.), *cert denied*, 429 U.S. 863 (1976). However, there is an exception to this rule when a petitioner can show an intervening change in the law. *Davis v. United States*, 417 U.S. 333, 342 (1974). The burden of showing a substantial constitutional deprivation is upon the petitioner in a habeas corpus proceeding. *Johnson v. Zerbst*, 304 U.S. 458, 468-69 (1938). Further, a petitioner must comply with the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104–132, 110 Stat. 1214 ("AEDPA"), which amended § 2255 to provide a one-year limitations period for the filing of § 2255 motions. *Hosey v. United States*, 518 F. Supp. 2d 732, 734 (D.S.C. 2007).

**DISCUSSION**

Petitioner seeks review only of his conviction and sentence for violation of 18 U.S.C. § 844(i). [ECF No. 325-1].  Petitioner argues that the Supreme Court's ruling in *United States v. Davis*, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019), renders his conviction and sentence in violation of the Constitution or laws of the United States for the following reasons: (1) Petitioner's conviction or sentence violates his rights to due process and to be informed of the nature of an accusation under the Fifth and Sixth Amendments; (2) Petitioner's sentence violates the Eighth Amendment prohibition against cruel and unusual punishment; (3) 18 U.S.C. § 844(i) is unconstitutionally vague; and (4) 18 U.S.C. § 844(i) was unconstitutionally enacted.  [ECF No. 325-1].

**I.      Petitioner's motion is not successive.**

Second or successive § 2255 motions require pre-filing authorization from the appropriate court of appeals.  28 U.S.C. §§ 2244(b)(3)(A); 2255(h); *Felker v. Turpin*, 518 U.S. 651, 657 (1996); *In re Vassell*, 751 F.3d 267, 268-69 (4th Cir. 2014).  In the absence of the proper pre-filing authorization, a district court lacks jurisdiction to consider a successive claim for post-conviction relief.  *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000).

The government argues that Respondent's current motion should be dismissed because it is successive, and Respondent did not obtain pre-filing authorization from the appropriate court of appeals.  [ECF No. 332-1 pp.4-5].  Indeed, this is not Mr. Boone's first § 2255 motion: it is his third.  *See Boone v. United States*, No. 4:03-cv-0816-JFA (D.S.C.); *Boone v. United States*, No. 4:05-cv-00869-JFA (D.S.C.).  Both prior § 2255 actions were dismissed on the merits.  *Id.*

However, not every numerically second or third petition is "second or successive" within the meaning of the AEDPA.  *Panetti v. Quarterman*, 551 U.S. 930, 942-47 (2007).  If the claims asserted were unavailable to Petitioner at the time the previous petitions were filed, the motion is

5

not successive. *United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014). Here, Petitioner

argues that each of his claims rely upon a right recognized and made retroactive by the Supreme

Court's decision in *United States v. Davis* on June 24, 2019. 139 S. Ct. 2319, 204 L. Ed. 2d 757

(2019); [ECF No. 325-1] (acknowledging that Petitioner's claims all arise from the *Davis*

decision).[1] The *Davis* decision came after Petitioner's previous § 2255 motions, which he filed in

2003 and 2005. Therefore, the claims Petitioner asserts were unavailable when he filed his

previous § 2255 motions, and the motion is not successive.

## II.     The motion is untimely, but the Court assumes *arguendo* that equitable tolling is warranted.

The AEDPA amended 28 U.S.C. § 2255 to provide a one-year limitations period for the filing

of § 2255 motions. *Hosey v. United States*, 518 F. Supp. 2d 732, 734 (D.S.C. 2007). Section 2255

provides, in relevant part:

> (f) A 1–year period of limitation shall apply to a motion under this section. The
> limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental
> action in violation of the Constitution or laws of the United States is removed, if
> the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme
> Court, if that right has been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have
> been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Petitioner seeks habeas relief based on the Supreme Court's decision in *Davis*.

139 S. Ct. 2316, 204 L. Ed. 2d 757. Therefore, Petitioner must rely on subsection (f)(3) for his

motion to be timely. The statute of limitations on his claim began to run on the date the right

asserted was recognized in *Davis* and made retroactive: June 24, 2019. *See Davis*, 139 S. Ct. 2316,

---

[1] Petitioner's filings make it clear that he is relying on the *Davis* decision to support all claims in his § 2255
motion. To the extent Petitioner may seek to abandon this argument and take the position that any claim is
not dependent on *Davis*, all claims are successive, or alternatively, untimely for the reasons set forth herein.

204 L. Ed. 2d 757.  Petitioner filed this § 2255 motion on August 27, 2020.  Accordingly, Petitioner's motion is untimely unless equitable tolling is warranted.  28 U.S.C. § 2255(f)(3).

The government's argument that Petitioner's motion should be denied as untimely is two-fold. First, the government argues Petitioner's reliance on *Davis* is misplaced, so subsection (f)(3) does not apply, and the statute of limitations ran over fifteen years ago when his conviction became final.  *See* [ECF No. 332-1 pp.6-7].  Second, the government argues Petitioner cannot show that equitable tolling is warranted even if he is given the benefit of subsection (f)(3).  *Id.*

The government's first argument is well-taken, but it "puts the cart before the horse." *Put the cart before the horse, Merriam-Webster.com Dictionary,* Merriam-Webster*,* https://www.merriam-webster.com/dictionary/put%20the%20cart%20before%20the%20horse. The Court must consider the merits of Petitioner's claim to determine whether *Davis* provides grounds for relief.  Therefore, the government's first limitations argument is inseparable from the merits.

The government's second argument is also persuasive but ultimately not the best grounds for resolving this motion.  To be entitled to equitable tolling, an otherwise time-barred petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) extraordinary circumstance stood in his way and prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*)).  Petitioner contends that the COVID-19 outbreak and resulting lockdowns justify equitable tolling.  [ECF No. 325-1].  The government responds, citing multiple cases, that lack of access to legal materials and lockdowns do not typically warrant equitable tolling.  *See* [ECF No. 332-1 p.8].

Because the Court finds, as the following discussion will make clear, that Petitioner's motion fails on the merits, it will assume, without deciding, that Petitioner could meet his burden to show equitable tolling is warranted.

## III. Whether Petitioner's claims are procedurally defaulted depends on whether *United States v. Davis* creates a meritorious and novel legal claim.

Generally, a movant cannot collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal unless the movant can show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). Whether Petitioner's claims could have been pursued on direct appeal, or whether cause exists to excuse procedural default, turns on whether *Davis* created a meritorious legal claim. Accordingly, the Court will turn to the merits.

## IV. The Supreme Court's decision in *United States v. Davis* does not render Petitioner's conviction and sentence in violation of the Constitution or laws of the United States.

Petitioner argues that the Supreme Court's ruling in *Davis* renders his conviction and sentence in violation of the Constitution or laws of the United States for the following reasons: (1) Petitioner's conviction or sentence violates his rights to due process and to be informed of the nature of an accusation under the Fifth and Sixth Amendments; (2) Petitioner's sentence violates the Eighth Amendment prohibition against cruel and unusual punishment; (3) 18 U.S.C. § 844(i) is unconstitutionally vague; and (4) 18 U.S.C. § 844(i) was unconstitutionally enacted. [ECF No. 325-1].

In *Davis*, the Supreme Court of the United States held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. 2319, 2336, 204 L. Ed. 2d 757. Boone was not convicted of

8

violating § 924(c).  *See United States v. Boone,* 71 F. App'x 227, 228 (4th Cir. 2003) (affirming

Boone's convictions and sentence for violation of 18 U.S.C. § 922(g)(1) and 844(i)).  Accordingly,

the holding in *Davis* has no effect on Petitioner's sentence.  To the extent Petitioner argues that

violation of 18 U.S.C. § 844(i) is not a "crime of violence," that inquiry has no effect on

Petitioner's conviction or sentence.  Boone's conviction and sentence were not dependent on the

categorization of his offense as a "crime of violence."  Accordingly, *Davis* does not render

Petitioner's conviction and sentence in violation of the Constitution or laws of the United States.

His claim fails on the merits, and he is entitled to no relief.  This conclusion is evident as a matter

of law from the motion and the files and records of the case.  Accordingly, the court will summarily

deny the petition without holding a hearing.  18 U.S.C. § 2255(b) (providing that a hearing is not

required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled

to no relief); Rule 4(b), Rules Governing Section 2255 Proceedings.

## CONCLUSION

All of Petitioner's claims depend on the argument that the Supreme Court's decision in *United

States v. Davis* rendered his conviction or sentence in violation of the laws or Constitution of the

United States.  Any claim that does not allegedly arise from the *Davis* decision is procedurally

barred as either successive, untimely, or defaulted.  Having found that *Davis* has no effect on

Petitioner's conviction or sentence, Petitioner's motion to vacate under 28 U.S.C. § 2255, ECF

No. 317, is DENIED.  Respondent's motion for summary judgment, ECF No. 332, is GRANTED.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to

make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a
constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating
that reasonable jurists would find both that his constitutional claims are debatable and that any

IT IS SO ORDERED.

/s/Sherri A. Lydon

May 6, 2021
Florence, South Carolina

Sherri A. Lydon
United States District Judge

---

dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."